IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK SHERN WILKERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-671-X-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Senrick Shern Wilkerson filed a set of documents that have been construed as a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 attacking his 2010 Dallas County convictions for sexual performance by a child and sexual assault of a child. *See* Dkt. No. 2. United States District Judge Brantley Starr referred Wilkerson's habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons and to the extent set out below, the Court should dismiss the federal habeas challenge under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

### Legal Standards and Analysis

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court." *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes)).

Habeas Rule 4 authorizes the Court to consider whether Wilkerson is "in custody" under the convictions that he now challenges. If not, the Court lacks jurisdiction to consider his collateral challenge to those convictions. *See, e.g.*, *Claybon v. Texas*, No. 3:16-cv-2479-K-BN, 2016 WL 5793767, at *2-3 (N.D. Tex. Aug. 29, 2016), *rec. accepted*, 2016 WL 5717532 (N.D. Tex. Sept. 28, 2016) (citing *Brown v. Wenerowicz*, Civ. A. No. 13-430, 2013 WL 2404152 (W.D. Pa. May 31, 2013); *Yuen v. Lee*, No. 3:09CV-P919-S, 2010 WL 299277 (W.D. Ky. Jan. 19, 2010)).

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), "[a] habeas petitioner may seek relief from a state court judgment only if he is '"in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

This jurisdictional requirement "can be satisfied by certain non-criminal judgments, including civil commitment orders." *Id.* (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Francois v. Henderson*, 850 F.2d 231, 232 (5th Cir. 1988)).

And a petitioner need not be physically confined to be "in custody" for the purpose of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."); *accord Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985) ("It is well settled that a habeas corpus petitioner meets the statutory 'in custody' requirements when, at the time he files the petition: (1) he is in custody pursuant to the conviction he attacks or (2) he is in custody pursuant to another conviction that is positively and demonstrably related to the conviction he attacks." (citations omitted)). *But see Carter*, 722 F.2d at 1129 ("The court's jurisdiction does not continue, and a petitioner does not meet the statutory 'in custody' requirement, however, when he (1) files the petition while in custody pursuant to a conviction that is positively and demonstrably related to the conviction he attacks, and (2) later is discharged from custody on that related offense before the petition is finally adjudicated." (citing *Escobedo v. Estelle*, 655 F.2d 613 (5th Cir. Unit A Sept. 1981))).

Even so, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492; *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337-38 (5th Cir. 1989) (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held

insufficient to satisfy the "in custody" requirement).

Wilkerson has been released from custody, and even though the requirement to register as a sex offender may be a collateral consequence of his convictions, the requirement does not render Wilkerson in custody for purposes of a Section 2254 habeas challenge. *See Lempar v. Lumpkin*, No. 20-50664, 2021 WL 5409266, at *1-2 (5th Cir. June 8, 2021); *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017); *Sullivan v. Stephens*, 582 F. App'x 375 (5th Cir. 2014).

So, Wilkerson does not meet the in custody requirement to pursue federal habeas relief as to his Dallas County convictions.

### Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Senrick Shern Wilkerson's habeas application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 5 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 16, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE